# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|                              |   |                    |
|------------------------------|---|--------------------|
| **ORPHEUM PROPERTY, INC.**   | * | **CIVIL ACTION**   |
|                              | * |                    |
| **VERSUS**                   | * | **NO. 17-6480**    |
|                              | * |                    |
| **COSCINA, ET AL.**          | * | **SECTION "L" (2)**|
|                              | * |                    |

## ORDER AND REASONS

Pending before the Court is Defendants Alfred Coscina and AF Coffee Inc.'s motion to dismiss or transfer. Rec. Doc. 9. Defendants request the Court to dismiss the case based on numerous grounds, including Plaintiff Orpheum Property, Inc.'s alleged failure to join a necessary party, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to file a Rule 23.1 verification required for a derivative action. Alternatively, Defendants request the case be transferred to the District of Hawaii. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

## I.    BACKGROUND

This derivative action arises from allegations of corporate mismanagement and fraudulent activities, *inter alia*, asserted by Plaintiff Orpheum Property, Inc. ("Orpheum") against Defendants Alfred F. Coscina ("Coscina") and Mr. Coscina's individual company, AF Coffee, Inc. ("AF Coffee"). Plaintiff Orpheum is a Delaware corporation with its principal place of business in New Orleans, Louisiana. Rec. Doc. 1 at 2. Orpheum appears as a derivative plaintiff as the sole member of Coscina Brothers Coffee Company, LLC ("Coscina Brothers"). Rec. Doc. 1 at 2. Defendant Alfred Coscina is a resident of Hawaii and was President/Chief Operating Officer of Coscina Brothers before his termination in 2016. Rec. Doc. 1 at 2. Mr. Coscina's company, AF Coffee, is a Hawaii corporation with its principal place of business in Hawaii, and has been named as a

defendant in the instant litigation. Rec. Doc. 1 at 2.

This chronicle began seven years ago. In January 2011, Defendant Alfred Coscina formed Coscina Brothers, a company that produced coffee products, in Honolulu, Hawaii. Rec. Doc. 1 at 3. In March 2011, Rampant Leon Financial Corporation ("RLFC"), a Louisiana corporation with offices in New Orleans purchased Coscina Brothers from Mr. Coscina. *Id*. As part of the transaction, Mr. Coscina agreed to continue working at Coscina Brothers as its President/Chief Operating Officer. *Id*. In March 2013, RLFC sold Coscina Brothers to Orpheum, a Louisiana corporation and the Plaintiff in this case. *Id*. Once again, Mr. Coscina agreed to stay with the company as its President/Chief Operating Officer. *Id*.

After the 2011 transaction, however, Plaintiff asserts that Defendant Mr. Coscina began to undermine the business and finances of Coscina Brothers. *Id*. at 4. According to Plaintiff, in June 2011, Mr. Coscina formed his own company, AF Coffee, to import and export coffee products. *Id*. Plaintiff claims that Mr. Coscina never informed it of this action. Moreover, Plaintiff alleges that Mr. Coscina began using his new company to broker green (raw) coffee beans that Coscina Brothers had previously purchased directly from local vendors. *Id*. Plaintiff further asserts that Mr. Coscina then directed Coscina Brothers to purchase the green coffee beans directly from AF Coffee at a higher price. *Id*.

Additionally, Plaintiff claims that Mr. Coscina wrongfully used Coscina Brothers' funds to benefit AF Coffee. *Id*. According to Plaintiff, Mr. Coscina opened a new bank account in January 2015—in the name of Coscina Brothers—without informing Orpheum. *Id*. at 5. Plaintiff asserts that this account was in fact used to pay invoices for AF Coffee. *Id*. Plaintiff further claims Mr. Coscina began sending invoices in November 2015 from AF Coffee to customers of Coscina Brothers for products sold by Coscina Brothers. *Id*. Plaintiff represents that these customers were

unaware that the companies—Coscina Brothers and AF Coffee—were separate and unrelated, and therefore sent their payments to AF Coffee instead of Coscina Brothers. *Id.* In late-2015, Plaintiff became aware that Mr. Coscina was allegedly selling coffee beans from AF Coffee to Coscina Brothers' customers in order to deprive the company of income. *Id.* at 6.

By spring 2016, Plaintiff avers that Coscina Brothers was unable to pay its operating expenses and rent. *Id.* Mr. Coscina was subsequently terminated from his position as President/Chief Operating Officer of Coscina Brothers. *Id.* Plaintiff asserts that due to the actions of Mr. Coscina, Coscina Brothers stopped operating in June 2016. Rec. Doc. 1 at 6. Nonetheless, Plaintiff states that Mr. Coscina continues to take advantage of Coscina Brothers' business and reputation. Rec. Doc. 1 at 6. For instance, according to Plaintiff, Mr. Coscina took over Coscina Brothers' website and rebranded it for AF Coffee. Rec. Doc. 1 at 6. Accordingly, Plaintiff has filed the instant derivative action as the sole shareholder and member of Coscina Brothers Coffee Company, LLC, seeking to recover damages it suffered as a result of Mr. Coscina's alleged fraudulent scheme. Rec. Doc. 1 at 1.

In response to Plaintiff's complaint, Defendants have filed the instant motion to dismiss or transfer. The Court addresses Defendants' arguments for dismissal below.

## II.     PRESENT MOTION

Before the Court is Defendants' motion to dismiss or transfer. Defendants argue that Plaintiff's claims should be dismissed based on (1) failure to join a necessary party, (2) lack of subject matter jurisdiction, (3) lack of personal jurisdiction, (4) improper venue, and (5) failure to file a Rule 23.1 verification required for a derivative action. Rec. Doc. 9.

First, regarding their arguments based on failure to join a necessary party and lack of subject matter jurisdiction, Defendants argue that Plaintiff failed to add Coscina Brothers as a

necessary party and defendant to this derivative action under Federal Rule of Civil Procedure 23.1. Rec. Doc. 9-1 at 6. If Coscina Brothers is added as a defendant, Coscina Brothers' citizenship is then determined by the citizenship of its member: Orpheum, a corporation deemed as a Louisiana citizen for diversity jurisdiction purposes. According to Plaintiff, adding Coscina Brothers would thus destroy this Court's subject matter jurisdiction over the instant action. *Id.* at 7-8.

Next, Defendants assert this Court lacks personal jurisdiction over Defendants Coscina and AF Coffee. Rec. Doc. 9-1 at 8. Defendants claim that neither Mr. Coscina nor AF Coffee has sufficient minimum contacts with Louisiana to establish personal jurisdiction; thus, Defendants argue that litigation in Louisiana is unreasonable. *Id.* at 8-10.

Furthermore, Defendants claim that venue is improper, asserting that no substantial events giving rise to the dispute occurred in Louisiana. *Id.* at 11. Thus, if Plaintiff survives jurisdictional challenges, Defendants request, alternatively, this case be transferred to the District of Hawaii.

Finally, Defendants assert that Plaintiff failed to file a Rule 23.1 verification required for derivative actions. *Id.* at 12.

## III.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

To start with the basics, Federal Rule of Civil Procedure 12(b)(1) governs challenges to the court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark*

*v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).  Furthermore, a plaintiff bears the burden of demonstrating that subject matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In this case, the relevant basis for jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists only when there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741.  Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### B.    Federal Rules of Civil Procedure 12(b)(7) & 19

Rule 12(b)(7) allows dismissal for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.  Fed. R. Civ. P. 19(a); *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be

fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder." (citations omitted)). It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. Fed. R. Civ. P. 19(b); *Pulitzer–Polster*, 784 F.2d at 1308.

Rule 12(b)(7) analysis entails two inquiries under Rule 19. First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. Under Rule 19(a), joinder of a party is necessary if:

>    (1) in the person's absence complete relief cannot be accorded among those already parties, or
>
>    (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest.

Fed. R. Civ. P. 19(a).

If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. *Id.*; *see HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1359, at 425 (2d ed. 1990). Factors to consider under Rule 19(b) include:

>    (1) prejudice to an absent party or others in the lawsuit from a judgment;
>
>    (2) whether the shaping of relief can lessen prejudice to absent parties;
>
>    (3) whether adequate relief can be given without participation of the party; and

> (4) whether the plaintiff has another effective forum if the suit is
> dismissed.

*Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing Fed. R. Civ. P. 19(b));

*see also* Wright & Miller, *Federal Practice & Procedure* § 1359, at 426 ("The burden is on the

moving party to show the nature of the unprotected interests of the absent parties.").  The burden

of persuasion is on the movant.  *See Morgan v. Coushatta Tribe of Indians of Louisiana*, 214

F.R.D. 202, 206 (E.D. Tex. 2001).

### C.      Federal Rule of Civil Procedure 12(b)(2)

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without

which it is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) (internal citation omitted).  When a nonresident defendant moves the court to

dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show

that personal jurisdiction exists.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  When

the court rules on a motion to dismiss for lack of personal jurisdiction without holding an

evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie*

showing.  *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).  The

allegations of the complaint, except as controverted by opposing affidavits, must be taken as true,

and all conflicts in the facts must be resolved in favor of plaintiffs.  *Thompson v. Chrysler Motors

Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-

arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of

jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.  *Latshaw v.

Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S.

§ 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely

on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: general jurisdiction and specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by

actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

### D. 28 U.S.C. § 1404 – Transfer of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, under 28 U.S.C. § 1404(a), there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). After this has been established, the court must consider whether the transfer would serve the convenience of the parties and witnesses and the interest of justice. Either party may move for transfer, *see Ferens v. John Deere Co.*, 494 U.S. 516, 529-30 (1990), and "the same treatment and consideration should be given to the motion for transfer regardless of who [moves for transfer]." *In re Volkswagen AG*, 371 F.3d at 204 (citing *Ferens*, 494 U.S. at 530). The court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice. "The moving party bears the burden of demonstrating that the case should be transferred to an alternate forum." *See Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 608 (E.D. La. 2000). "[U]nless the balance is strongly in favor of the defendant . . . , the Plaintiff's choice of forum is not to be disturbed." *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 517 (5th Cir. 1981).

## IV.    DISCUSSION

Defendants' two main arguments for dismissal fall into two categories:  lack of subject matter jurisdiction after the joinder of a defendant and lack of personal jurisdiction over Defendants.  Alternatively, Defendants request that this Court transfer the instant case to the District of Hawaii.  Defendants have also pointed out Plaintiff's failure to file a Rule 23.1 verification in a derivative action.  Finally, Defendants seek sanctions pursuant to Rule 11.  The Court will address each issue in turn.

### A.    Whether Coscina Brothers Is A Necessary and Indispensable Party In This Derivative Action.

Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action.  First, the court must determine whether the party is necessary to the action under Rule 19(a).  If the court determines that the party is necessary, it must then determine whether the party is indispensable to the action under Rule 19(b).  Regarding the instant motion to dismiss, the Court must first determine whether Coscina Brothers is a necessary party under Federal Rules of Civil Procedure 19 and 23.1.  If so, the Court then analyzes the citizenship of Coscina Brothers in order to ascertain whether diversity jurisdiction indeed exists in this case.  Finally, if joinder of Coscina Brothers would destroy complete diversity, the Court must determine whether under Rule 19(b), Coscina Brothers is an indispensable party without whom the court could not in equity and good conscience proceed.

Plaintiff Orpheum—the sole member and shareholder of Coscina Brothers—has elected to bring this lawsuit as a derivative action.  *See generally* Rec. Doc. 1.  Therefore, Rule 23.1 governs.

Rule 23.1(a) applies "when one or more shareholders or members of a corporation . . . bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce."  Fed. R. Civ. P. 23.1(a).  "The term 'derivative action,' . . . appl[ies]

10

only to those actions in which the right claimed by the shareholder is one the corporation could itself have enforced in court." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 529 (1984); *see* 10 Fed. Proc., L.Ed. § 25:4. A derivative action permits an individual shareholder to bring suit to enforce a corporate cause of action against officers, directors, and third parties. *Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 95 (1991). A claim pursued by a shareholder in a derivative suit "is not the shareholder's own, but his or her corporation's." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522 & n. 2 (1949). "The corporation is a necessary party to the [derivative] action; without it the case cannot proceed." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). Thus, a shareholder's failure to join the corporation is a fatal defect to maintenance of a derivative action on behalf of a corporation. *See Hazen v. S. Hills Nat'l. Bank of Tulsa*, 414 F.2d 778, 779-80 (10th Cir. 1969) (affirming dismissal for failure to join corporation as indispensable party). A claim on behalf of a corporation is not considered a "derivative action" until the corporation is named as a party. *See Gostin v. Nelson*, 213 F. Supp. 164, 166-67 (D. Del. 1962) (plaintiff's action could not be considered a derivative action because it failed to conform to the pleading requirements and did not list the corporation as a party).

Here, Plaintiff brings this derivative action as the shareholder of Coscina Brothers. In corporate law, it is well-settled that in a derivative action, "the corporation is a necessary party to the [derivative] action; without it the case cannot proceed." *Ross*, 396 U.S. at 538. The Supreme Court further noted: "Although named a *defendant*, [the corporation] is the real party in interest, the stockholder being at best the nominal plaintiff. The proceeds of the action belong to the corporation and it is bound by the result of the suit." *Id.*; *see also Meyer v. Fleming*, 327 U.S. 161, 167 (1946). Under this rule, in *Odom v. Posey*, another section of this Court held a limited liability company a necessary party in a derivative action filed on its behalf. *See* No. CIV.A. 09-3532,

2009 WL 2356865 (E.D. La. July 27, 2009). Similarly, in this case, the Court agrees with Defendants that Orpheum Brothers—under Rule 23.1—is a necessary party and defendant.

Nevertheless, on a Rule 12(b)(7) motion to dismiss for failure to join a necessary party, Rule 19 is instructive. Rule 19 states that a court is not required to join an indispensable party if joining that party would destroy subject matter jurisdiction. Fed. R. Civ. P. 19(a) & (b). The Court now proceeds to analyze whether joining Coscina Brothers removes this Court's jurisdiction over this case and whether its participation as a party is required.

### B. Joining Coscina Brothers Would Destroy Diversity Jurisdiction.

The basis for federal jurisdiction of the present claim is diversity of citizenship pursuant to 28 U.S.C. § 1332. It is axiomatic, however, that for subject matter jurisdiction based on diversity of citizenship, diversity must be complete. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch.) 267 (1806). For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of an LLC is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In this case, Plaintiff Orpheum is a Louisiana company and citizen. Because the citizenship of an LLC is determined by the citizenship of its members and Orpheum is the sole member of Coscina Brothers, Coscina Brothers' citizenship is also in Louisiana. "In a derivative action the corporation on whose behalf the action is brought, though only a nominal defendant, is, nevertheless, for the purpose of diversity jurisdiction, treated as a true defendant." *Haymes v. Columbia Pictures Corp*, 16 F.R.D. 118, 120 (S.D.N.Y. 1954) (citing *Lavin v. Lavin*, 182 F.2d 870 (2d Cir. 1950)); *Rogers v. Valentine*, 306 F. Supp. 34 (S.D.N.Y. 1969), *aff'd*, 426 F.2d 1361 (2d Cir. 1970) (holding when corporation is antagonistic in derivative suit, it must be aligned as real-

party defendant); *see also Meyer*, 327 U.S. at 167 (internal citations omitted) ("The corporation is a necessary party. [I]t is joined as a defendant."). Therefore, consistent with corporate law, Coscina Brothers, a Louisiana citizen, should be a defendant for jurisdictional purposes. Accordingly, this Court finds that joinder of Coscina Brothers as a defendant would destroy diversity jurisdiction under U.S.C. § 1332(c)(1) because both Orpheum and Coscina Brothers are Louisiana citizens. The imperative question now becomes whether Coscina Brothers is an indispensable party that must be joined under Rule 19(b).

**C.      Coscina Brothers Is Not Required To Join This Litigation.**

A court is not required to join an indispensable party if joining that party would destroy subject matter jurisdiction. Fed. R. Civ. P. 19(a) & (b). In such a situation, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Rule 19(b) sets forth four factors to be considered: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See id.*; *see also Dunne v. Hackett & Dunne P'ship*, No. CIV. A. 98-1963, 1999 WL 147672, at *4-5 (E.D. La. Mar. 15, 1999).

Applying the Rule 19(b) factors to this case, the Court finds that Coscina Brothers should not be joined as a party because none of the existing parties would be prejudiced in its absence. Unlike the many cases cited by Defendants with multiple shareholders or partners, Coscina Brothers is a *single* member limited liability company; its only member and shareholder is Plaintiff

Orpheum. Defendant Mr. Coscina has not been a shareholder of Coscina Brothers since the 2011 sale to RLFC, and Defendant AF Coffee has never owned any shares in Coscina Brothers. Plaintiff represents—and Defendants do not dispute—that Coscina Brothers now has no assets or income, and the company is "all but dead." Rec. Doc. 11 at 4. Therefore, any judgment in favor or against Coscina Brothers would not be prejudicial to the parties in this litigation: Plaintiff Orpheum remains as the sole owner and 100-percent shareholder of Coscina Brothers. Furthermore, Plaintiff's main controversy is with Defendants Mr. Coscina and his company, AF Coffee. A derivative lawsuit, such as this one, is filed on behalf of the corporation by the shareholder. *See Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 548 (1949) (holding a stockholder brings suit on a cause of action derived from the corporation). In this case, Plaintiff seeks money damages from Mr. Coscina and AF Coffee for fraudulent activities and corporate mismanagement. If the lawsuit is successful and damages are recovered, those funds belong to the corporation, not the shareholder-plaintiff. *See Ross*, 396 U.S. at 534. Therefore, the absence of Coscina Brothers in this case has little prejudice, if any, on the parties or the absent corporation. Accordingly, this Court, "in equity and good conscience," refuses to join Coscina Brothers as a party because doing so would destroy diversity jurisdiction and result in dismissal of the instant litigation. *See* Fed. R. Civ. P. 19(b).

### D. The Court Has Personal Jurisdiction Over Mr. Coscina And AF Coffee.

The Fifth Circuit has established a three-prong test to determine whether personal jurisdiction exists. *See Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). First, a court determines "whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there." *Id.* Second, a court considers whether the plaintiff's cause of action arises out of or results from the defendant's

forum-related contacts. Finally, a court decides whether the exercise of personal jurisdiction is fair and reasonable. *Id.* The Fifth Circuit has also noted the importance of identifying if the defendant "purposely avail[ed] itself of the privilege of conducting activities [there], thus invoking the benefits and protections of its laws." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (internal quotation marks omitted)). After a plaintiff establishes its *prima facie* case that personal jurisdiction exists, the burden of proof shifts to the defendant to prove that it would be unreasonable. *Id.* at 473.

Personal jurisdiction inquiry is assessed based on the defendant's contacts in the forum state. *See Wilson*, 20 F.3d at 647. General jurisdiction exists if the defendant has engaged in "continuous and systematic" activities in the forum state. *Id.* Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Goodyear*, 131 S. Ct. at 2853-54. In this case, general jurisdiction does not exist because Louisiana is not the domicile of Mr. Coscina or AF Coffee. *See id.* ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home."). Therefore, the Court focuses its analysis on whether specific jurisdiction occurs.

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp.*, 253 F.3d at 867; *Helicopteros*, 466 U.S. at 414 n.8. Minimum contacts may be established by the actions of a nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The Court now analyzes whether Defendants Mr. Coscina and AF Coffee have purposefully availed themselves to this

jurisdiction.

1. *Mr. Coscina*

Defendants contend that this Court does not have personal jurisdiction over Mr. Coscina because Mr. Coscina has made very limited physical contacts in Louisiana. Defendants do not reside in Louisiana and recount only one occasion in Louisiana, a meeting with RLFC's officers in 2011 after the sale of Coscina Brothers. Furthermore, Defendants argue that any alleged wrongful actions by Mr. Coscina occurred in Hawaii, *i.e.*, funneling of Coscina Brothers' clients and equipment and Mr. Coscina's management of Coscina Brothers. On the other hand, Plaintiff asserts that Mr. Coscina's actions involved and targeted a Louisiana corporation, thereby availing itself to this jurisdiction. Plaintiff points out that from March 2011 to June 2016, Mr. Coscina was employed as President/Chief Operating Officer of Coscina Brothers, which was owned and managed by two separate Louisiana corporations (RLFC from March 2011 to March 2013 and Orpheum from March 2013 to present). Therefore, Plaintiff avers that specific personal jurisdiction attaches if the defendant's conduct is aimed at or has an effect on the forum state—Louisiana.

Contrary to Defendants' argument, continuous physical presence is not necessary for a court to exercise personal jurisdiction over a defendant. "The decline of *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1878), and its power theory of jurisdiction, and the concordant rise in *International Shoe* and its progeny, merely permitted 'minimum contacts' to replace physical presence as the sole basis for jurisdiction. *International Shoe* made physical presence *unnecessary* but it did not render presence *insufficient*." *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 846 (N.D. Ill. 2009) (emphasis original). Therefore, the Court analyzes the extent of Mr. Coscina's contacts in Louisiana and whether Mr. Coscina purposefully directed his

activities towards Louisiana, where alleged injuries occurred.  *See Panda Brandywine Corp.*, 253 F.3d at 867.

Past cases justify personal jurisdiction over Mr. Coscina.  In *Calder v. Jones*, for example, the United States Supreme Court held that a California court could exercise personal jurisdiction over Florida residents who wrote and edited an allegedly defamatory article published in a magazine with national circulation.  465 U.S. 783 (1984).  The *Calder* Court reasoned that a defendant who intentionally directs a defamatory statement at the forum state with the intent to cause harm in the forum may be validly sued in the forum.  The Ninth Circuit has succinctly articulated the purposeful direction requirement under the "effects" test from *Calder*:  specific jurisdiction exists when a nonresident defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Similarly, in *Luv N' care, Ltd. v. Insta-Mix, Inc.*, the Fifth Circuit applied a "mere foreseeability" test to conclude that the nonresident defendant's contacts with Louisiana were sufficient to warrant personal jurisdiction.  438 F.3d at 469-70.  There, the plaintiff, a Louisiana company, sued the defendant for copyright infringement of a similarly designed infant bottle.  *Id.* at 468.  Although the defendant's only contact with Louisiana was selling its products to Wal-Mart, a multinational retail corporation, the court concluded the defendant possessed both sufficient minimum contacts with the forum state.  *Id.* at 472.  The Court reasoned that the defendant had availed itself of the benefits of Louisiana's market by selling its product within the state.  *Id.*  Furthermore, the Court held that the cause of action "arose" out of the defendant's contacts because it should have known that it could face potential copyright liability from competitors in Louisiana.  *Id.* at 473.

Here, Plaintiff is alleging that the nonresident defendant, Mr. Coscina, intentionally caused direct harm to a Louisiana corporation for personal gain. As highlighted in *Calder* and *Luv N' care*, specific jurisdiction exists if the defendant's conduct targets or causes an effect on the forum state. According to Plaintiff, Mr. Coscina, in his former capacity as President/Chief Operating Officer, harmed a Louisiana corporation: Orpheum (as the sole owner and shareholder of Coscina Brothers). Moreover, from 2011 to 2016, Mr. Coscina served as an executive of Coscina Brothers, also a Louisiana company. During this timeframe, Mr. Coscina worked for and reported to Louisiana companies—RLFC and Orpheum—and earned $100,000.00 for his management role at Coscina Brothers. On a motion to dismiss, a district court presumes a plaintiff's well-pleaded complaint as true, and resolves any ambiguities or doubts regarding the sufficiency of claims in plaintiff's favor. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). According to Plaintiff Orpheum, Mr. Coscina "knew at all times that his company was owned and managed by Louisiana corporations and that his actions would affect the interests of those entities." Rec. Doc. 11 at 7. The fraudulent scheme, allegedly manufactured by Defendants, reaped benefits from Louisiana corporations. Based on Mr. Coscina's employment as President/Chief Operating Officer of Louisiana corporations and his alleged wrongful conduct directed at Louisiana corporations, this Court concludes that Mr. Coscina has made sufficient contacts to this forum state—albeit minimal physical presence—and such foreseeably availed him to this Court's jurisdiction.

### 2. AF Coffee

Plaintiff does not dispute that AF Coffee does not conduct business in Louisiana. Nevertheless, Plaintiff asserts that AF Coffee is owned and operated by Mr. Coscina. Therefore, according to Plaintiff, Mr. Coscina, acting as an agent, directed AF Coffee to take certain actions

directly against the interests of Coscina Brothers, knowing that it would inflict damages on its Louisiana owner, Orpheum. Those actions allegedly include using or taking Coscina Brothers' equipment and personnel, taking its customers, and turning Coscina Brothers' website into AF Coffee's website. Thus, Plaintiff argues that because Mr. Coscina's actions were directed at a Louisiana corporation, personal jurisdiction should be imputed from Mr. Coscina to AF Coffee given their agency relationship. In Defendants' briefs, they solely focus on the lack of contact of AF Coffee in Louisiana—an undisputed fact—but failed to adequately address Plaintiff's jurisdictional imputation argument.

Louisiana's long arm statute, La. R.S. 13:3021(A), provides that a court may exercise personal jurisdiction over a nonresident "who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident[,] [including] [c]ausing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct . . . in this state." La. R.S. 13:3021(A)(4). Under Louisiana law, agency is termed as "mandate" and defined as "a contract by which a person, the principal, confers authority on another person, the mandatory, to transact one or more affairs for the principal." La. Civ. Code art. 2989. A mandate relationship can be express or implied. *See E. Smith Plumbing, Inc. v. Manuel*, 88 So. 3d 1209, 1215 (La. App. 3 Cir. 2012). "'[A]n agency relationship cannot be presumed, it must be clearly established.'" *Id.* (quoting *Roberson Adver. Serv., Inc. v. Winnfield Life Ins., Co.*, 453 So. 2d 662, 665 (La. App. 5 Cir. 1984)). For an implied agency, "'the principal has the right to control the conduct of the agent and the agent has the authority to bind the principal.'" *Commercial Capital Holding Corp. v. Team Ace Joint Venture*, 2000 WL 726880, at *4 (E.D. La. June 2, 2000) (quoting *Urbeso v. Bryan*, 583 So. 2d 114, 117 (La. App. 4 Cir.

19

1991)).  Implied agency "is established 'by the words and conduct of the parties and the circumstances of the case.'"  *Id.*  (quoting *Self v. Walker Oldsmobile Co., Inc.*, 614 So. 2d 1371, 1375 (La. App. 3 Cir. 1993)).

Here, Plaintiff has alleged sufficient facts that Mr. Coscina's fraudulent activities, if true, should be imputed to AF Coffee.  Based on the Complaint, Mr. Coscina acted as an agent and directed or coordinated with AF Coffee to engage in actions against the interests of Coscina Brothers.  Furthermore, Mr. Coscina's activities directly benefitted AF Coffee—for example, utilizing Coscina Brothers' equipment and personnel, as well as turning Coscina Brothers' website into AF Coffee's website.  Finally, Mr. Coscina is the owner of AF Coffee and has full control of that company.  Accordingly, because this Court finds that it has jurisdiction over Mr. Coscina, the Court further concludes that jurisdiction is imputed to AF Coffee.

### 3.    *Fair Play and Substantial Justice*

The specific jurisdiction inquiry next asks whether jurisdiction would comport with "fair play and substantial justice."  *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).  In assessing fair play, courts balance (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Here, as to the first factor, the Court finds little burden on the Defendants.  Although Mr. Coscina is a resident of Hawaii, his travel to Louisiana, as a result of this litigation, would be minimal.  Plaintiff represents that "deposition will likely take place in Hawaii" and Mr. Coscina would only come for trial.  Rec. Doc. 11 at 9.  Furthermore, Mr. Coscina has hired a local counsel in New Orleans.  Courts routinely find that employment of local counsel lessens the burden on a

nonresident defendant.  *See, e.g.*, *Montana Silversmiths, Inc. v. Taylor Brands, LLC*, 850 F. Supp. 2d 1172, 1183 (D. Mont. 2012) (finding jurisdiction not unreasonable where defendants retained local counsel); *USHA Holdings, LLC v. Franchise India Holdings Ltd.*, 11 F. Supp. 3d 244, 273 (E.D.N.Y. 2014) (finding it reasonable for defendants domiciled in India to defend against action in New York where they had retained local counsel).

Regarding the second and third factors, Louisiana is the proper forum because of the state's interest in adjudicating this dispute involving a Louisiana plaintiff who alleges injuries arising from Defendants' wrongful conduct targeted against Louisiana corporations (Coscina Brothers and Orpheum).  Moreover, from 2011 to 2016, Mr. Coscina reported to individuals at Orpheum in Louisiana.  Therefore, it is foreseeable that certain individuals at Orpheum would too participate as witnesses in this litigation.  Any burden from travel logistics on Defendants is not outweighed by similar burden and inconvenience on Plaintiff and its witnesses.  Finally, the last two factors are neutral:  this case will be efficiently administered in either Hawaii or Louisiana court, and both states have equal interest in enforcing laws and social policies.

Based on the record before it, the Court finds Defendants have failed to show the exercise of personal jurisdiction by this Court is unreasonable.  Accordingly, this Court has jurisdiction over Mr. Coscina and AF Coffee with respect to Plaintiff's claims.

### E.     Venue

Alternative to dismissal, Defendants request the Court transfer this case to the District of Hawaii, arguing that venue is improper here.  Defendants contend that because all events relating to Plaintiff's claims allegedly occurred in Hawaii, the District of Hawaii is the proper venue to adjudicate this matter.  Plaintiff opposes transfer of venue.  To support its position, Plaintiff claims that the majority of witnesses in this litigation will be employees and managers of Orpheum, a

New Orleans-based company, and Defendants' tortious actions purposefully affected Louisiana.

The Court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice.  In exercising the court's broad discretion, the court is to undertake "an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart*, 487 U.S. 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In doing so, the court considers private and public interest factors first outlined by the United States Supreme Court in *Gulf Oil Corporation v. Gilbert*,  330 U.S. 501 (1947).  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc).  When looking to the private interest factors, the court considers:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious  and  inexpensive."  *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting  *In re Volkswagen AG*, 371 F.3d at 203).  When looking to the public interest factors, the court considers: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*  These private and public interest factors are "appropriate for most transfer cases," but they "are not necessarily exhaustive or exclusive."  *Id.*

Although no one factor is dispositive, *see id.*, the Court is mindful of the convenience of witnesses and parties in this case.  Here, Plaintiff represents that most witnesses are in Louisiana, and only Mr. Coscina is in Hawaii.  This factor carries substantial weight in this case:  compelling witnesses to journey to Hawaii would cause great inconvenience.  Moreover, in tort cases like this one, "courts consider both 'the place where the allegedly tortious actions occurred' and 'the place

where the harms were felt' in determining 'whether a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred . . . in the district.'" *Southern United States Trade Ass'n v. Unidentified Parties*, 2011 WL 2457859, *13 (E.D. La. June 16, 2011) (quoting 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3806.1 (3d ed. 2004)). If the allegations are true, the harms of Defendants' tortious activities are most felt here—by Orpheum, a Louisiana citizen. While venue can be appropriate in more than one jurisdiction, *see id.*, Defendants have failed to show that Hawaii is a more convenient or appropriate venue. Accordingly, transfer is unwarranted.

### F. Rule 23.1(b) Verification

Under Federal Rule of Civil Procedure 23.1(b), a derivative action complaint must be verified and must:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>
> (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
>
> (3) state with particularity:
>
>> A. any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and
>>
>> B. the reasons for not obtaining the action or not making the effort.

Fed. R. Civ. P. 23.1(b).

It is undisputed that Plaintiff neglected to file a Rule 23.1 verification. On this basis, the complaint would typically be dismissed with leave to amend. *See, e.g.*, *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1237-38 (N.D. Cal. 2008); § 1827

Verification of the Complaint, 7C Wright & Miller, *Federal Practice & Procedure* § 1827 (3d ed.). Nonetheless, courts may require a plaintiff to submit the verification rather than dismissal. Here, Plaintiff represents that it will file a Rule 23.1(b) verification. Rec. Doc. 11 at 12, n.4. Accordingly, Plaintiff is hereby instructed to submit this verification within 30 days of this Order.

### G. Sanctions

Defendants deem this lawsuit as frivolous and request sanctions against Plaintiff under Federal Rule of Civil Procedure 11. Rule 11 provides that a district court may sanction attorneys or parties who submit pleadings for an improper purpose or that contain frivolous arguments or arguments that have no evidentiary support. Fed. R. Civ. P. 11.

Defendants' request for sanctions is unfounded. Procedurally, Defendants have failed to follow Rule 11(c)(A), which instructs a party seeking sanctions to make such motion and request *separately* from any other motion. Defendants cannot simply conclude their motion for dismissal with a request for sanctions. *See, e.g.*, *Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *2 n.2 (E.D. Mo. Dec. 8, 2011) (rejecting request for sanctions that was filed with motion to dismiss instead of a separate motion). Substantively, based on the aforementioned reasons denying dismissal, this lawsuit is not frivolous in nature. Accordingly, Defendants' request for sanctions is denied.

## V. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss or transfer (Rec. Doc. 9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff files a Rule 23.1 verification within 30 days of this Order.

New Orleans, Louisiana, this 28th day of March, 2018.

**ELDON E. FALLON**
United States District Judge