UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ORPHEUM PROPERTY, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 17-6480 |
| COSCINA, ET AL. | * | SECTION "L" (2) |

### ORDER AND REASONS

Pending before the Court is Defendants Alfred Coscina and AF Coffee Inc.'s motion for reconsideration, Rec. Doc. 19, of this Court's March 28, 2018 Order and Reasons, which denied Defendants' motion to dismiss for lack of jurisdiction and request to transfer venue. In the alternative, Defendants also request a certification for interlocutory appeal to the Fifth Circuit on the issue of jurisdiction. Plaintiff Orpheum Property, Inc. opposes Defendants' motion. Rec. Doc. 21. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

#### A. Factual History

This derivative action arises from allegations of corporate mismanagement and fraudulent activities, *inter alia*, asserted by Plaintiff Orpheum Property, Inc. ("Orpheum") against Defendants Alfred F. Coscina ("Coscina") and Mr. Coscina's individual company, AF Coffee, Inc. ("AF Coffee"). Plaintiff Orpheum is a Delaware corporation with its principal place of business in New Orleans, Louisiana. Rec. Doc. 1 at 2. Orpheum appears as a derivative plaintiff as the sole member of Coscina Brothers Coffee Company, LLC ("Coscina Brothers"). Rec. Doc. 1 at 2. Defendant Alfred Coscina is a resident of Hawaii and was President/Chief Operating Officer of Coscina Brothers before his termination in 2016. Rec. Doc. 1 at 2. Mr. Coscina's company, AF Coffee, is

1

a Hawaii corporation with its principal place of business in Hawaii, and has been named as a defendant in the instant litigation. Rec. Doc. 1 at 2.

This chronicle began seven years ago. In January 2011, Defendant Alfred Coscina formed Coscina Brothers, a company that produced coffee products, in Honolulu, Hawaii. Rec. Doc. 1 at 3. In March 2011, Rampant Leon Financial Corporation ("RLFC"), a Louisiana corporation with offices in New Orleans purchased Coscina Brothers from Mr. Coscina. *Id*. As part of the transaction, Mr. Coscina agreed to continue working at Coscina Brothers as its President/Chief Operating Officer. *Id*. In March 2013, RLFC sold Coscina Brothers to Orpheum, a Louisiana corporation and the Plaintiff in this case. *Id*. Once again, Mr. Coscina agreed to stay with the company as its President/Chief Operating Officer. *Id*.

After the 2011 transaction, however, Plaintiff asserts that Defendant Mr. Coscina began to undermine the business and finances of Coscina Brothers. *Id*. at 4. According to Plaintiff, in June 2011, Mr. Coscina formed his own company, AF Coffee, to import and export coffee products. *Id*. Plaintiff claims that Mr. Coscina never informed it of this action. Moreover, Plaintiff alleges that Mr. Coscina began using his new company to broker green (raw) coffee beans that Coscina Brothers had previously purchased directly from local vendors. *Id*. Plaintiff further asserts that Mr. Coscina then directed Coscina Brothers to purchase the green coffee beans directly from AF Coffee at a higher price. *Id*.

Additionally, Plaintiff claims that Mr. Coscina wrongfully used Coscina Brothers' funds to benefit AF Coffee. *Id*. According to Plaintiff, Mr. Coscina opened a new bank account in January 2015—in the name of Coscina Brothers—without informing Orpheum. *Id*. at 5. Plaintiff asserts that this account was in fact used to pay invoices for AF Coffee. *Id*. Plaintiff further claims Mr. Coscina began sending invoices in November 2015 from AF Coffee to customers of Coscina

Brothers for products sold by Coscina Brothers. *Id.* Plaintiff represents that these customers were unaware that the companies—Coscina Brothers and AF Coffee—were separate and unrelated, and therefore sent their payments to AF Coffee instead of Coscina Brothers. *Id.* In late-2015, Plaintiff became aware that Mr. Coscina was allegedly selling coffee beans from AF Coffee to Coscina Brothers' customers in order to deprive the company of income. *Id.* at 6.

By spring 2016, Plaintiff avers that Coscina Brothers was unable to pay its operating expenses and rent. *Id.* Mr. Coscina was subsequently terminated from his position as President/Chief Operating Officer of Coscina Brothers. *Id.* Plaintiff asserts that due to the actions of Mr. Coscina, Coscina Brothers stopped operating in June 2016. Rec. Doc. 1 at 6. Nonetheless, Plaintiff states that Mr. Coscina continues to take advantage of Coscina Brothers' business and reputation. Rec. Doc. 1 at 6. For instance, according to Plaintiff, Mr. Coscina took over Coscina Brothers' website and rebranded it for AF Coffee. Rec. Doc. 1 at 6. Therefore, on July 5, 2017, Plaintiff filed the instant derivative action as the sole shareholder and member of Coscina Brothers Coffee Company, LLC, seeking to recover damages it suffered as a result of Mr. Coscina's alleged fraudulent scheme. Rec. Doc. 1 at 1.

**B.     Procedural History**

In response to this lawsuit, Defendants filed a motion to dismiss for failure to join a necessary party, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to file a Rule 23.1 verification required for a derivative action. *See* Rec. Doc. 9.

On March 28, 2018, the Court denied Defendants' motion on all grounds. Rec. Doc. 16. First, the Court agreed with Defendants that Coscina Brothers, a Louisiana citizen, should be a defendant for jurisdictional purposes. Nonetheless, the Court recognized that joinder of Coscina Brothers as a defendant would destroy diversity jurisdiction under U.S.C. § 1332(c)(1) because

3

both Orpheum and Coscina Brothers are Louisiana citizens. The imperative question then became whether Coscina Brothers was an indispensable party that must be joined under Rule 19(b). After examining the contours of Rule 19(b), the Court found that Coscina Brothers need not be joined as a party because none of the existing parties would be prejudiced in its absence. Thus, diversity jurisdiction remained intact.

Second, and pertinent to Defendants' instant motion for reconsideration, the Court held that it has personal jurisdiction over Defendants Mr. Coscina and AF Coffee. Applying Fifth Circuit jurisprudence on personal jurisdiction, the Court held that Defendants purposefully availed themselves of this forum:

> [F]rom 2011 to 2016, Mr. Coscina served as an executive of Coscina Brothers, also a Louisiana company. During this timeframe, Mr. Coscina worked for and reported to Louisiana companies—RLFC and Orpheum—and earned $100,000.00 for his management role at Coscina Brothers. . . . Based on Mr. Coscina's employment as President/Chief Operating Officer of Louisiana corporations and his alleged wrongful conduct directed at Louisiana corporations, this Court concludes that Mr. Coscina has made sufficient contacts to this forum state—albeit minimal physical presence—and such foreseeably availed him [of] this Court's jurisdiction.

Rec. Doc. 16 at 18.

Likewise, the Court held that Mr. Coscina's alleged fraudulent activities, if true, should be imputed to his company, AF Coffee. In that scenario, Mr. Coscina purportedly acted as an agent and directed or coordinated with AF Coffee to engage in actions against the interest of Coscina Brothers. Rec. Doc. 20. Accordingly, the Court held that jurisdiction over Defendants comports with due process principles of fair play and substantial justice.

Third, in response to Defendants' request to transfer the case to the District of Hawaii, the Court rejected that invitation. In particular, the Court recognized that the harms of Defendants' alleged tortious activities are most felt here by Plaintiff Orpheum, a Louisiana company, and the

4

convenience of witnesses is better served in Louisiana. Thus, the Court found that venue in the Eastern District of Louisiana is proper.

Finally, the Court instructed Plaintiff to file a Rule 23.1 verification required for a derivative action complaint. Plaintiff complied on April 17, 2018. Rec. Doc. 17.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

As a threshold matter, Defendants incorrectly filed this motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). "Rules 59 and 60, however, apply only to final judgments." *Modern Am. Recycling Servs., Inc. v. Dunavant*, No. CIV.A. 10-3153, 2012 WL 2087386, at *2 (E.D. La. June 8, 2012). "When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.*

Rule 54(b) states that "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). This broad discretion, however, must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993). The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020,

5

at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009).

On a motion to reconsider, the Court considers four factors: whether (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *See Castrillo*, 2010 WL 1424398, at *3-4.

A motion to reconsider "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted). "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party." *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)). Accordingly, reconsideration is not to be lightly granted, and "should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004), in instances where the motion "clearly establish[es]" that reconsideration is warranted. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### B.    Certificate for Interlocutory Appeal

Interlocutory appeals are allowed when a district court that issues a non-final order in a civil case "shall be of the opinion that such order [1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that an immediate appeal from the order [3] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (brackets added); *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). All three factors

must be satisfied to warrant this exceptional "departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The availability of such an appeal under § 1292(b) does not "jeopardiz[e] the usual rule of not permitting an appeal until all the proceedings on the trial court level are complete." 10 Charles Alan Wright, et al., Fed. Prac. & Proc. Juris. § 2658.2 (3d ed. 1998 & 2009 supp.). An interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment." *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Nos. 06-7145 & 06-8769, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007) (quoting *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983)).

Therefore, the moving party bears the burden of demonstrating that interlocutory appeal is appropriate. *In re FEMA Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2008 WL 4923035, at *2 (E.D. La. Nov. 13, 2009) (citing *In re Complaint of L.L.P. & D. Marine, Inc.*, Nos. 97-1668, 97-2992 & 97-3349, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)).

### III. DISCUSSION

Regarding Defendants' motion for reconsideration, which emphasizes Mr. Coscina's lack of physical presence in the state of Louisiana, this motion simply repeats arguments all previously raised in its motion to dismiss. Defendants claim that the contract between the parties was performed outside of Louisiana, and it would be unfair for Defendant Coscina, a Hawaii resident, to defend himself in this forum.

Yet, as the Court previously stated, "contrary to Defendants' argument, continuous physical presence is not necessary for a court to exercise personal jurisdiction over a defendant." Rec. Doc. 16. The Fifth Circuit applies a "mere foreseeability" test to determine whether a

nonresident defendant's contacts with Louisiana sufficiently warrants personal jurisdiction. *See Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469-70 (5th Cir. 2006) (holding that the Fifth Circuit "has consistently held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction. . . .") (citing *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993)). And as other courts have recognized, "*International Shoe* made physical presence *unnecessary*. . . ." *See C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 846 (N.D. Ill. 2009) (emphasis original). Here, personal jurisdiction over Defendants is fair and foreseeable based, in part, on Mr. Coscina's employment as President/Chief Operating Officer of Louisiana corporations and his alleged wrongful conduct directed at Louisiana companies. Furthermore, pertinent to the instant standard of review, none of the factors for a Rule 54(b) reconsideration apply: No changes in facts or laws have surfaced in the past two months that would change this Court's prior analysis. "A motion [to reconsider] should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 U.S. Dist. LEXIS 106966, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Accordingly, the Court denies Defendants' request for reconsideration.

Similarly, the Court finds that Defendants' argument to seek Fifth Circuit interlocutory review falls short. Defendants aver that the question of jurisdiction in this case is a "difficult issue" with "substantial ground" for disagreement. Defendants also review the policy reasons for an interlocutory appeal. But Defendants' summary of the legal standard for interlocutory appeals, without more, is certainly lacking and insufficient to warrant this exceptional "departure from the basic policy of postponing appellate review until after the entry of a final judgment." *See Coopers*, 437 U.S. at 475. Defendants have not presented any analogous case where another court held otherwise to this Court's application of the personal jurisdiction doctrine based on similar facts to

this case. Finally, courts deny certification under § 1292(b) when it would hinder the progress of the litigation. *See, e.g.*, *Matthews v. Stolier*, No. 13-cv-6638, 2016 WL 9447195, at *2 (E.D. La. July 19, 2016). An interlocutory review here would simply cause delay and waste judicial resource. Because the instant issue is a straightforward application of settled personal jurisdiction jurisprudence and because Defendants fail to satisfy their burden for interlocutory review, the Court denies the instant motion.

## IV. CONCLUSION

Based on the aforementioned reasons, accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration or interlocutory appeal (Rec. Doc. 19) is hereby **DENIED**.

New Orleans, Louisiana, this 29th day of May, 2018.

**ELDON E. FALLON**
United States District Judge